**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


David R. Roux

  v.           Civil No. 12-cv-416-PB

Hillsborough County Sheriff's
Department, Transportation
Division, et al.[1]


**REPORT AND RECOMMENDATION**


   Pro se prisoner David R. Roux has filed this action (doc.
no. 1) alleging that his rights arising under the federal
constitution, as well as state law, were violated by unnamed
officers of the Hillsborough County Sheriff's Department
("HCSD") while Roux was incarcerated at the Hillsborough County
Department of Corrections ("HCDC").  The matter is before the
court for preliminary review to determine, among other things,
whether the complaint states any claim upon which relief might
be granted.  See 28 U.S.C. § 1915A(a); United States District
Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).


---

[1]In addition to the Hillsborough County Sheriff's Department
Transportation Division, Roux names two John Doe officers, in
their official capacities, as defendants in this action.

## Standard for Preliminary Review

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the

plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640
F.3d 1, 12 (1st Cir. 2011).

## Background

On October 16, 2012, while Roux was incarcerated at the
HCDC, he was transported from court to the HCDC by two HCSD
officers.  Roux states that the transporting officers placed
Roux and the other inmates being transported in leg irons and
handcuffs.  Roux alleges that his handcuffs were too tight,
causing some loss of circulation in his hands.

Upon arrival at the HCDC, Roux asserts he tripped going up
the stairs into the facility and fell, breaking his glasses.
Roux further asserts he suffered a laceration on his forehead,
and bruises on his cheeks and wrists.  Roux alleges that his
wrist bruises were caused by falling on the too-tight handcuffs.
Roux states that the overtightening of handcuffs by HCSD
officers occurs frequently, and is but one example of officers
abusing the authority they have over the inmates.

## Claims

Roux now brings this action, asserting the following claims
for relief:

1.    Two unnamed HCSD transport officers violated Roux's
Eighth and Fourteenth Amendment right not to be subjected
to excessive force by placing Roux in handcuffs that were

too tight, resulting in bruising to his wrists when he fell
while handcuffed.

2.   Two unnamed HCSD transport officers acted negligently
by failing to assist him up the stairs, resulting in his
falling and suffering a cut, bruises, and damage to his
personal property.

## Discussion

### I.   Excessive Force

Roux asserts an Eighth Amendment violation for the use of
excessive force against him.  The standard applied to such a
claim is: "whether force was applied in a good-faith effort to
maintain or restore discipline, or maliciously and sadistically
to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992)
(setting forth Eighth Amendment standard for excessive force
claim).  The relevant factors for evaluating a prisoner's Eighth
Amendment excessive force claim include: (1) the need for force;
(2) the relationship between the need for force and the amount
of force applied; (3) the extent of any injury inflicted; (4)
the "threat 'reasonably perceived by the responsible
officials'"; and (5) the "'efforts made to temper the severity
of a forceful response.'"  Id. (quoting Whitley v. Albers, 475
U.S. 312, 321 (1986)).

It is not clear whether Roux, at the time he filed this
action, was a convicted prisoner or a pretrial detainee.  A

convicted prisoner's right not to be subjected to excessive force would arise under the Eighth Amendment's prohibition of cruel and unusual punishment.  A pretrial detainee's excessive force claim would arise under the Fourteenth Amendment due process right not to be subjected to punishment prior to conviction.  See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Surprenant v. Rivas, 424 F.3d 5, 13 (1st Cir. 2005).  A pretrial detainee's Fourteenth Amendment right not to be punished is at least as protective as the Eighth Amendment protection available to convicted inmates.  See Bell v. Wolfish, 441 U.S. 520, 545 (1979) (constitutional protections for pretrial detainees are at least as great as those afforded convicted prisoners); Ruiz-Rosa v. Rullán, 485 F.3d 150, 155 (1st Cir. 2007) ("The Fourteenth Amendment provides at least as much protection for pretrial detainees as the Eighth Amendment provides for convicted inmates.").  Accordingly, a pretrial detainee's due process right not to be punished by the infliction of excessive force would be subject to at least the protection to which a convicted prisoner is entitled under the Eighth Amendment.

Roux alleges that he was walking up stairs from a van to the HCDC facility, handcuffed too tightly, when he tripped and fell.  Roux does not assert any facts suggesting that any

officer intentionally harmed him or that any officer who was aware that he had fallen failed to assist him after the fall. Instead, Roux's excessive force claim is based on the tightness of his handcuffs.  Roux has not alleged that he complained about the tightness of the handcuffs to any officer.  Nothing in the complaint allows the court to reasonably infer that any officer was aware at any time before the fall that the handcuffs were too tight, or were likely to cause any injury under the circumstances, or that any officer acted to punish Roux in overtightening his handcuffs.  Roux's assertions are therefore insufficient to support an excessive force claim under either the Eighth or Fourteenth Amendment.  Accordingly, the court recommends that the excessive force claim be dismissed.

II.  <u>Negligence</u>

Roux alleges that the defendants acted negligently by not assisting inmates in getting up the stairs, and are thus liable to compensate him for his injuries, and for his eyeglasses that were broken in the fall.  Under 28 U.S.C. § 1367(a), the district court has supplemental jurisdiction over state law claims that arise from the same nucleus of operative facts as the federal claims raised in the action.  If the court dismisses all claims over which it has original jurisdiction, or if the

state law claims would substantially predominate over the remaining federal claims, the court may decline to exercise its supplemental jurisdiction over those state law claims.  See 28 U.S.C. § 1367(c).

If this recommendation is approved, the sole federal claim asserted by Roux will be dismissed.  The court should therefore decline to exercise supplemental jurisdiction over the state law claims, and those claims should be dismissed without prejudice to plaintiff pursuing the claims in the state courts.

## Conclusion

For the foregoing reasons, the court recommends that all claims in the complaint be dismissed.  Dismissal as to the state law claim only should be without prejudice to plaintiff pursuing that claim in state court.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by

district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 22, 2013

cc:  David R. Roux, pro se

LBM:jba